**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Pamela Forster, | : |
| Plaintiff, | : |
| v. | : |
| Alternative Collections LLC; and | : |
| DOES 1-10, inclusive, | : |
| Defendants. | : |

Civil Action No.: _____

**COMPLAINT**

For this Complaint, the Plaintiff, Pamela Forster, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Pamela Forster ("Plaintiff"), is an adult individual residing in Webster, New York, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, Alternative Collections LLC ("Alternative"), is a New York

business entity with an address of 17 Limestone Drive, Suite 2, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Alternative and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Alternative at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Alternative for collection, or Alternative was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Alternative Engages in Harassment and Abusive Tactics

## FACTS

12.      Defendants called Plaintiff's residential phone line in an attempt to collect the debt with the intent to annoy and harass.

2

13.     Defendants failed to identify themselves when speaking to Plaintiff.

14.     Defendants left voice messages on Plaintiff's residential phone line, stating that the calls were in connection with a legal matter for Plaintiff.

15.     Defendants were rude when speaking to Plaintiff.

16.     Defendants failed to inform Plaintiff that the communication was an attempt to collect a debt and everything Plaintiff said would be used for that purpose.

## C. Plaintiff Suffered Actual Damages

17.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692,** *et seq.*

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed

3

calls to the Plaintiff without disclosing the identity of the debt collection agency.

23.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

24.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

29.     The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

30.     The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

31.     All acts of the Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to imposition of punitive damages.

4

## COUNT III
## VIOLATIONS OF NEW YORK GBL § 349
## ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

32.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully set forth herein at length.

33.     The acts, practices and conduct engaged in by the Defendants and complained of

herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General

Business Law of the State of New York, NY GBL § 349.

34.     The Defendants willfully and knowingly engaged in conduct constituting

deceptive acts and practices in violation of NY GBL§ 349.

35.     The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things,

humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the

Defendants.

36.     By virtue of the foregoing, the Plaintiff is entitled to recover actual damages,

trebled, together with reasonable attorneys' fees.


## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the

Plaintiff's favor and against the Defendants as follows:


1.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.     Against each of the named the Defendants, awarding the Plaintiff statutory

damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.     Against the named the Defendants, jointly and severally, awarding the Plaintiff

actual damages, trebled, pursuant to NY GBL § 349;

     4. Against the named the Defendants, jointly and severally, awarding the Plaintiff

recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

§ 1692k(a)(3);

     5. Against the named the Defendants, jointly and severally, awarding the Plaintiff

punitive damages in such amount as is found appropriate; and

     6. Granting the Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 29, 2010

               Respectfully submitted,

               By

               Sergei Lemberg (SL 6331)
               LEMBERG & ASSOCIATES L.L.C.
               300 International Drive, Suite 100
               Williamsville, NY 14221
               Telephone: (203) 653-2250
               Facsimile:  (877) 795-3666
               Attorneys for Plaintiff